**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KEITH THOMAS, | ) Case No.: 1:12-cv-00088-LJO-JLT |
| Petitioner, | ) |
| | ) ORDER DENYING PETITIONER'S MOTION TO |
| v. | ) VACATE JUDGMENT (Doc. 9) |
| | ) |
| CALIFORNIA SUPREME COURT, et al., | ) |
| | ) |
| Respondents. | ) |
| | ) |
| | ) |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of mandamus pursuant to 28 U.S.C. § 1361.

**PROCEDURAL HISTORY**

The instant petition was filed on January 11, 2012.  (Doc. 1).  On January 25, 2012, the Magistrate Judge entered Findings and Recommendations to dismiss the petition for lack of jurisdiction.  (Doc. 5).  On February 24, 2012, the district court judge adopted those Findings and

1

1   Recommendations, entered judgment against Petitioner, and ordered the file closed.  (Docs. 7 & 8).

2   On April 2, 2012, Petitioner filed the instant motion to vacate judgment.  (Doc. 9).

3                                          **DISCUSSION**

4           Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district

5   court.  Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds

6   of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3)

7   fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6)

8   any other reason justifying relief from the operation of the judgment."  Fed. R. Civ. P. 60(b).  A

9   motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year

10  after the judgment, order, or proceeding was entered or taken."  Id.

11          Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show

12  the "new or different facts or circumstances claimed to exist which did not exist or were not shown

13  upon such prior motion, or what other grounds exist for the motion."  Motions to reconsider are

14  committed to the discretion of the trial court.  Combs v. Nick Garin Trucking, 825 F.2d 437, 441

15  (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc).  To succeed, a party

16  must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior

17  decision.  See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal.

18  1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

19          Here, Petitioner has failed to meet any of the requirements for granting a motion for

20  reconsideration or for setting aside a prior judgment: He has not shown "mistake, inadvertence,

21  surprise, or excusable neglect;" he has certainly not shown the existence of either newly discovered

22  evidence or fraud; he has not established that the judgment is either void or satisfied; and, finally,

23

24                                              2

25

26

27

28

Petitioner has not presented any other reasons justifying relief from judgment.  Moreover, pursuant to the Court's Local Rules, Petitioner has not "new or different facts or circumstances claimed to exist *which did not exist or were not shown upon such prior motion*, or what other grounds exist for the motion."   Local Rule 230(j). (Emphasis supplied).

To the contrary, in the instant motion Petitioner argues, as he did in the petition, that a writ of mandate pursuant to 28 U.S.C. § 1361 is the appropriate vehicle for a federal court to rectify wrongs committed by state officials.  (Doc. 9, p. 2).  In so doing, Petitioner fails to raise any new or different facts, circumstances, or legal arguments that were not raised, and considered, previously.   In the order adopting the Findings and Recommendations, this Court expressly considered those points and rejected them.  (Doc. 7).

In sum, Petitioner has provided no evidence or circumstances that would satisfy the requirements of Rule 60(b), and therefore his motion for reconsideration must be denied.

### ORDER

Accordingly, it is HEREBY ORDERED that Petitioner's motion for reconsideration (Doc. 9), is DENIED.

IT IS SO ORDERED.

Dated:   __April 19, 2012__                        _____/s/ Lawrence J. O'Neill_
                                                               UNITED STATES DISTRICT JUDGE

3